IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LESLIE RENEE CHILDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-8-MHT-WC |
| | ) | |
| JOHN HOLLIS JACKSON, III, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1). On January 9, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial proceedings as may be appropriate." Order (Doc. 6). Plaintiff requested leave to proceed *in forma pauperis*, Mot. (Doc. 2), which the court granted. Order (Doc. 8). Thus, the court is obligated to undertake review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

Upon review of the Complaint and Plaintiff's "motion to amend," the court finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii)

because it fails to state a claim on which relief may be granted and seeks monetary relief against a defendant who is immune from such relief.

## I. BACKGROUND

On January 7, 2015, Plaintiff, proceeding *pro se*, filed a Complaint alleging a violation of her civil rights and named John Hollis Jackson, III, as the defendant. Compl. (Doc. 1). The following allegations encompass the entirety of the factual basis provided in Plaintiff's Complaint:

> I went to court 9/30/2014 I challenge Jurisdiction. No probation violation at all I was Free to go home. I went the court with my husband on 10/14/2014 to support him. I was Illegally served papers and was made to sign and attend in one moment. Wasn't prepared For court and was jail Illegally For 30 days without proof of Jurisdiction on 9/30/2014 Constitutional rights violation of 14th amendment. Due process is a Fundamental right to citizen.

*Id.* at 1. Plaintiff sought relief of $1,000,000.00. *Id.* at 2.

On January 23, 2015, the court entered an Order (Doc. 8) granting Plaintiff leave to proceed *in forma pauperis* and staying service of process pending review under 28 U.S.C. § 1915. Concerned about Plaintiff's ability to state a claim on these facts, the court explained as follows:

> The court is unable to discern the precise factual circumstances with which Plaintiff is aggrieved. Plaintiff fails to state any actions attributable to Defendant, or any individual for that matter, and how those actions somehow constitute "constitutional violations of [the] 14th amendment." Additionally, Plaintiff fails to allege any facts to satisfy the state action requirement of the Fourteenth Amendment.

Order (Doc. 8) at 2. "Given the omission of relevant factual data and governing law, and the confusing presentation of the facts," the court ordered Plaintiff to file an amended

complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* at 3. Additionally, Plaintiff was "***warned that her failure to amend will result in this court's recommendation that this case be dismissed***." *Id.* (emphasis in original).

In response to the court's order, Plaintiff filed a "Motion to Amend (Change of Course)," (Doc. 10), wherein Plaintiff states as follows:

> I Leslie Childers request a motion to AMEND the course of this case. The title of Defendant be changed from John Hollis Jackson III Municpal [sic] Judge to (person) John Hollis Jackson III for The violations of U.S. Constitution 5th Amendment and (Equal Protection clause) Civil Rights Due process of Law. Mistake was made by myself (pro se) unintentionally and request the change of course to properly identify the Defendant in this case. Compensatory damages (pain and suffering, emotional distress monetary relief $1,000,000.00.
> FEDERAL RULES OF CIVIL PROCEDURES
> TITLE III
> PLEADING and Motions
> 15(c)(1)(i) and (ii)

Mot. (Doc. 10) at 1. Additionally, Plaintiff filed a document titled "Evidence," which stated as follows:

> I Leslie Childers is submitting evidence on the case #2:15-cv-00008-MHT-WC. I Leslie Childers has Filed the documents enclosed into Courts records to provide evidence most important in this matter. I request at this time that this court document[.]

(Doc. 11) at 1. Plaintiff attached a three-page document titled "Demand for Violation of Subscribed Oath of Office," that she filed in the Municipal Court of Clanton, Alabama. (Doc. 11-1) at 1. The state court motion provides this court no insight into what unconstitutional actions Defendant is alleged to have taken. Rather, Plaintiff simply asserts that Defendant has violated his oath of office and demands that he produce a copy of said oath. *Id.* at 1-2.

## II. DISCUSSION

Upon review of Plaintiff's Complaint (Doc. 1), read in conjunction with Plaintiff's other filings, as best the court can discern, Plaintiff seeks $1,000,000.00 from John Hollis Jackson, III, a municipal court judge in Clanton, Alabama, for an alleged violation of Plaintiff's due process rights. Even upon a very liberal construction of Plaintiff's pleadings,[1] the court finds that this case is due to be dismissed because Plaintiff fails to state a claim upon which relief may be granted and because she seeks monetary relief against a defendant who is immune from such relief.

Based on the confusing presentation of the minimal facts included in Plaintiff's filings, the court finds that Plaintiff has failed to state a claim upon which relief may be granted. As the court previously explained to Plaintiff,

> Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. With regard to any claim predicated upon some type of civil rights violation, Plaintiff has thus far simply failed to allege sufficient factual detail to support a plausible claim for relief.

[1] "In the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990). "While a complaint does not need detailed factual allegations, 'a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Simpson v. Zwinge*, 2013 WL 5340509, at *1 (11th Cir. Sept. 25, 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Order (Doc. 8) at 2-3. Plaintiff's "Motion to Amend" does not provide the court with any additional factual detail, other than clarifying that Defendant is a municipal judge. Mot. (Doc. 10) at 1. Based on the lack of available facts, the court cannot find that Plaintiff has stated a claim showing that she is entitled to relief.

Additionally, despite Plaintiff's request that Defendant be identified as a "person" rather than a judge, it appears to the court that Plaintiff seeks money damages from a judicial defendant for acts performed in his judicial capacity. The law is clear that judicial defendants are immune from such suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Plaintiff seeks "$1,000,000.00 total damages" from Judge Hollis for, as best the court can discern, his actions or inactions that resulted in Plaintiff's alleged unconstitutional detention. (Doc. 1) at 1. Thus, Defendant Hollis is absolutely immune from monetary damages, as claimed by Plaintiff, for his actions or inactions performed in his official capacity as judge.

To the extent Plaintiff is attempting to sue Defendant for some nonjudicial action pursuant to 42 U.S.C. § 1983, Plaintiff still fails to state a claim upon which relief can be granted.

> To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948)).

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Here, if Plaintiff were suing Defendant for behavior outside the scope of his judicial immunity, he would be a private, non-state actor who was not acting under color of state law. Accordingly, she would still fail to state a claim upon which relief can be granted.

For these reasons, Plaintiff's suit is due to be dismissed as it fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief.

## III. CONCLUSION

For all of the reasons given above, it is

ORDERED that Plaintiff's Motion to Amend (Doc. 10) is DENIED as frivolous; Plaintiff cannot bypass judicial immunity on the part of Defendant, a judge who appears to have been acting in his judicial capacity, by moving the court to change "the title of Defendant" "from John Hollis Jackson, III Municipal Judge to (person) John Hollis Jackson, III." Mot. (Doc. 10) at 1.

Further, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim on which relief may be granted. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **June 3, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the

District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 20th day of May, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE